**ORIGINAL**

CRUISE & YOST
A Limited Liability Law Company

MICHAEL R. CRUISE          7334-0
49 South Hotel Street, Suite 305
Honolulu, HI 96813
Telephone: (808) 275-1200
Facsimile: (808) 275-8808
E-mail: Michael@cruiseyost.com

Attorney for Plaintiff
SUMIKO BESSER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 20 2007

at __ o'clock and __ min. ____
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUMIKO BESSER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA, A For-Profit Corporation,<br><br>Defendants. | CIVIL NO. CV07-00437 SOM BMK<br>(ERISA)<br><br>COMPLAINT; ~~SUMMONS~~ |

COMPLAINT

Plaintiff, SUMIKO BESSER (hereinafter "BESSER"), by and through her undersigned counsel, for causes of action against Defendant PRUDENTIAL INSURANCE COMPANY of AMERICA (hereinafter "PRUDENTIAL"), alleges and avers as follows:

## JURISDICTION, VENUE & PARTIES

1. This is a civil action arising under the laws of the United States pursuant to 28 U.S.C. §1331.

2. Pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, *et seq.*, (hereinafter "ERISA"), BESSER brings this action to recover long-term disability benefits due to her under the terms of an employee welfare benefit plan and to enforce her rights under such plan.

3. Pursuant to 29 U.S.C. §1132(e)(1), and 28 U.S.C. §1391(b), this action is brought in the United States District Court for the District of Hawaii, in which District the Defendant resides and the breach took place.

4. Venue is proper in this District under ERISA, 29 U.S.C. §1132(e)(2), in that Defendant, PRUDENTIAL, is authorized and doing business in this District, and the breach took place in this District.

5. BESSER resides in Honolulu, Hawaii, and is sui juris in all respects.

6. At all relevant times, BESSER was an "Employee"/or former employee of Hilton Hotels Corporation as the term is defined under ERISA, 29 U.S.C. §1002(6) and was a "Participant," as the term is defined under ERISA, 29 U.S.C. §1002(7).

7.  At all relevant times, PRUDENTIAL was the "Administrator" as the term is defined under ERISA, 29 U.S.C. §1002 (16) (A) of Group Policy Number 9600 (hereinafter "The Plan"), and made all decisions regarding eligibility for benefits under The Plan. A copy of The Plan is attached hereto as Exhibit "A."

8.  At all relevant times, PRUDENTIAL was also the "Fiduciary," as the term is defined under ERISA, 29 U.S.C. §1002 (21)(A), in that PRUDENTIAL acted as a claims fiduciary for The Plan and executed authority and control over the payment of long terms disability benefits (hereinafter LTD benefits), which are assets of the Plan and was charged with making benefit determinations under The Plan, including the determinations made on BESSER's claim at issue in this lawsuit.

9.  At all relevant times, The Plan was insured by a contract Between Hilton Hotels Corporation and its insurer, the Defendant, PRUDENTIAL and is an "employee welfare benefit plan," as the term is defined under ERISA, 29 U.S.C. §1002(1).

10. At all relevant times, pursuant to The Plan, PRUDENTIAL provides long-term disability coverage to participants in The Plan. See Exhibit "A."

//

## GENERAL ALLEGATIONS

11.   Before filing the present action, BESSER fulfilled all conditions precedent to the filing of this action, including the exhaustion of all administrative remedies under The Plan.

12.   BESSER was a vacation counselor in the timeshare home division for The Hilton Grand Vacation Club which required her to perform the following substantial and material duties which required both physical and cognitive abilities on a continuous basis:

A.   Aggressively sell timeshare vacation homes in Honolulu, the neighboring islands and Japan, which included:

1. Present product to potential buyers, which generally exceeded two hours in duration;

2. Maintain effective communication with clients including persuasive skills and the ability to mentor, daily and direct face-to-face contact and follow-up with external and internal customers or clients, including, but not limited to, meetings, telephone conferences including during late hours of the evening and while at home,

3. Act as a liaison with Quality Assurance Managers to resolve guest related issues; and

4. Attend all sales training and sales meetings, and travel to Japan for sales presentation.

5. Communicate with regulatory agencies, the business community, top management, public groups, and boards of directors.

3

   6. Work at site from Monday through Friday generally from 7:30 A.M. to 6:30 P.M. and Saturday as needed.

All of which requires: talking, listening, frequently standing, walking, sitting, reaching, lifting up to 10 lbs. And occasionally up to 25 lbs., ability to focus, think clearly, make decisions and judgments, as well as effective communication with top management including presentations to top management public groups, and boards of directors;

  13. BESSER was prevented from performing the aforementioned duties of her occupation beginning on or about May 10, 2004, as a result of the following medical conditions, including: Cervical Derangement, Cervical Spondylosis/Degenerative Disc Disease, Cervical Myofascial Pain Syndrome, Cervical Radiculopathy, Cervical Facet Syndrome, Focal Right Paracentral Disc Protrusion at C4-5, Spinal Stenosis with Osteophylte Disc Compression (worse at C5-6 and C6-7), Posterior Disc Osteophyte Complex at C5-6 and C6-7 resulting in chronic, severe pain and progressive physical debilitation, limitation of range of motion, headaches, dizziness, and nausea.

  14. BESSER subsequently and timely filed a claim for LTD benefits under The Plan, which PRUDENTIAL denied on January 27, 2005.

  15. Subsequently, BESSER timely appealed said denial on July 28, 2005, and on February 13, 2006, PRUDENTIAL upheld its denial.

16.     Thereafter, on August 21, 2006, BESSER timely filed an appeal of the second denial and in response, PRUDENTIAL reaffirmed its denial of BESSER's LTD benefits on December 5, 2006, despite BESSER's Total Disability under the terms of The Plan.

17.     BESSER is entitled to LTD benefits since such LTD benefit payments became due on November 7, 2004.[1]

18.     At all relevant times, BESSER has been and remains Totally Disabled under the terms of The Plan and entitled to LTD benefits from PRUDENTIAL.

19.     BESSER has been forced to retain the services of the undersigned attorneys in order to bring this action and is obligated to pay a reasonable attorney's fee.

## COUNT I

## CLAIM FOR BENEFITS PURSUANT TO ERISA , 29 U.S.C. § 1132(a)(1)(B), TO RECOVER FULL LONG-TERM DISABILITY BENEFITS DUE HER AND ENFORCE HER RIGHTS UNDER THE PLAN

20.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 19 of this Complaint, as if fully recited herein.

---

[1] Pursuant to The Plan, BESSER's Elimination Period is 180 days and extends from May 10, 2004 to November 6, 2004. See Exhibit "A," attached.

21. BESSER brings this claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover LTD benefits due her and to enforce her rights under The Plan.

22. Pursuant to The Plan, "Total Disability" is defined as:

> During the elimination period, you are disabled when Prudential determines that:
>
> - You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;
> - You are not working at any job; and
> - You are under the regular care of a doctor.
>
> After the elimination period, you are disabled when Prudential determines that:
>
> - You are unable to perform the material and substantial duties of your regular occupation due to sickness or injury;
> - You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury; and
> - You are under the regular care of a doctor.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

See Exhibit "A."

23. BESSER is Totally Disabled under the terms of The Plan based on the conditions listed in Paragraph 13 above.

24. BESSER filed a claim with PRUDENTIAL and was denied LTD benefits after exhausting the administrative/appeals process under the terms of The Plan.

25. PRUDENTIAL's denial of and/or refusal to pay LTD benefits is an abuse of its discretion in light of the numerous medical and other documentation contained in the administrative record supporting BESSER's claim of Total Disability under The Plan.

26. PRUDENTIAL has the sole discretion to make and did make a final determination of denial of benefits in this case.

27. Accordingly, BESSER is entitled to lost past and future LTD benefits owed, due to PRUDENTIAL's wrongful denial, which is an abuse of its discretion under the Plan.

28. Pursuant to ERISA, 29 U.S.C. § 1132(g)(1), BESSER is entitled to reasonable attorney's fees and costs.

## COUNT II

### FAILURE TO PROVIDE A FULL AND FAIR REVIEW IN VIOLATION OF 29 U.S.C. § 1133(2)

29. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 19 of this Complaint, as if fully recited herein.

30. The acts and omissions of PRUDENTIAL, failed to provide a "full and fair" review as required by ERISA, 29 U.S.C. § 1133(2) (as codified in 29 C.F.R. § 2560.503-1 (h)).

31. Pursuant to ERISA, 29 U.S.C. § 1133(2), PRUDENTIAL has a duty to provide BESSER with a "full and fair" review under the applicable provisions of ERISA, which includes, but is not limited to: providing for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim.

32. PRUDENTIAL failed to provide BESSER with a "full and fair" review of her claim and its adverse benefit determination, by ignoring both the actual terms of The Plan and the substantial medical and other documentation evidencing her Total Disability.

33. PRUDENTIAL also failed to provide BESSER with a "full and fair" review of her claim and adverse benefit determination by making the determination that BESSER could perform the material and substantial duties of her regular occupation without considering BESSER's true occupational duties.

34. BESSER has sustained damages in the form of lost long term disability income benefits as a direct and proximate result of PRUDENTIAL's failure to provide BESSER with a "full and fair' review of her

claim and its adverse benefit determination, in violation of ERISA, 29 U.S.C. § 1133(2).

WHEREFORE, Plaintiff, SUMIKO BESSER, respectfully requests that this Court enter a judgment against Defendant, PRUDENTIAL INSURANCE COMPANY OF AMERICA, as follows:

A.   Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), all LTD benefits due to her under the terms of The Plan, plus all other damages, interest, and attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and any other relief which this Court deems proper and just;

B.   all damages in the form of full past, present, and future disability insurance benefits, interests and attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

C.   any other relief this Court deems just and proper, under the terms of The Plan.

DATED: Honolulu, Hawaii, August 20, 2007.

_____
MICHAEL R. CRUISE
Attorney for Plaintiff
SUMIKO BESSER