IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUMIKO BESSER, | ) | CIVIL NO. 07-00437 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | REQUEST FOR DE NOVO REVIEW |
| vs. | ) | |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, a For-Profit Corporation | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S REQUEST FOR DE NOVO REVIEW

I.      INTRODUCTION.

Sumiko Besser was employed by the Hilton Hotels Corporation. She was insured under a long-term disability insurance policy ("Policy") issued by Defendant Prudential Insurance Company of America. Besser claims to have been injured and appeals Prudential's denial of benefits under the Policy.

On August 29, 2008, Besser moved for an order stating that Prudential's decision is subject to de novo review by this court. Besser challenges the denial of her benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Because Prudential has failed to meet its burden of demonstrating that the ERISA plan documents unambiguously provide Prudential with discretion to interpret and apply the Policy, this court concludes that a de novo standard applies.

II.     BACKGROUND FACTS.

It is undisputed that Besser worked for Hilton and that, as part of Hilton's employee benefit plan, Besser was eligible for long-term disability insurance benefits. It is undisputed that Besser was insured under the Policy issued by Prudential.

The Policy, attached as Exhibit 2 to Plaintiff's motion, was issued to Hilton under Group Contract Number G-96000. According to the Policy, the Group Contract includes:

> (1) the Group Insurance Certificate(s) listed in the Schedule of Plans, a copy of which is attached to the Group Contract; (2) all modifications and endorsements to such Group Insurance Certificates which are attached to and made part of the Group Contract by amendment to the Group Contract; (3) the forms shown in the Table of Contents as of the Contract Date; (4) the Contract Holder's application, a copy of which is attached to the Group Contract; (5) any endorsements or amendments to the Group Contract; and (6) the individual applications, if any, of the persons insured.

See Policy at 6 (PRU-BES-0047).

There is no dispute that the Certificate of Coverage, Exhibit 3 to Plaintiff's motion, qualifies as a "Group Insurance Certificate" that is part of the Group Contract. See Ex. 3 at 1-31. Appended to the Certificate of Coverage is an ERISA statement. See Ex. 1. However, the text of the ERISA statement is preceded by a notice saying, "This ERISA Statement is not part of the Group Insurance Certificate." Id.

III.     ANALYSIS.

   A.   De Novo Review Applies to this Court's Examination of Prudential's Denial of Benefits to Besser.

Besser challenges the denial of her benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Besser's motion seeks a determination of the standard that applies to this court's review of the denial of disability benefits to Besser.

In Firestone Tire & Rubber Company v. Bruch, 489 U.S. 101 (1989), the Supreme Court held that denials of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) are "reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 115; accord Burke v. Pitney Bowes Inc. Long-Term Disability Plan, __ F.3d __, 2008 WL 4276910, *6 (9th Cir. Sept. 19, 2008). "When a plan unambiguously gives the plan administrator discretion to determine eligibility or construe the plan's terms, a deferential abuse of discretion standard is applicable." Burke, __ F.3d __, 2008 WL 4276910, *6; accord Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc).

The Ninth Circuit, sitting en banc, has explained that "the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." Kearney, 175 F.3d at 1089; accord Thomas v. Oregon

3

Fruit Prods. Co., 228 F.3d 991, 994 (9th Cir. 2000) (placing the burden on the insurance company to show that the policy was unambiguous in its grant of discretionary authority to the plan administrator). Prudential has failed to satisfy its burden of establishing discretionary authority.

Under 29 U.S.C. § 1132(a)(1)(B), Besser is entitled to seek "to recover benefits due to [her] under the terms of [her] plan, to enforce rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." As discussed above, Besser's plan is made up of her Policy (Exhibit 2) and the Certificate of Coverage (Exhibit 3) expressly referred to in and made applicable to the Policy. Prudential has not shown that the ERISA statement, Exhibit 1, is a plan document.

Prudential argues that this court should review Prudential's decision only for abuse of discretion, as Prudential reserves discretion to itself in the ERISA statement:

> The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

Exhibit 1 at 33 (PRU-BES 0035).

Besser does not dispute that the ERISA statement contains unambiguous language reserving discretion to Prudential.

4

See Motion at 4 n.1 ("Besser does not contend that the language contained in the ERISA Statement is ambiguous in its intent to confer discretion upon Prudential to interpret the terms of the LTD Plan."). Instead, Besser argues that the ERISA statement is not a plan document. The burden is on Prudential to establish that the ERISA statement is a plan document. Prudential fails to meet this burden.

The Policy has an integration clause that says that the only documents that make up Besser's long-term disability policy are the Policy and documents referred to in the Policy. See Ex. 2 at 6 (PRU-BES 0047). The ERISA statement is not specifically incorporated into the Policy. At best, the ERISA statement is attached to the Certificate of Coverage, which Prudential also calls the group insurance certificate. Although there is no dispute that the Certificate of Coverage is incorporated into the Policy, Prudential has not met its burden of demonstrating that the ERISA statement is part of the Certificate of Coverage. Prudential offers no evidence overcoming the pronouncement in the ERISA statement itself that "The ERISA Statement is not part of the Group Insurance Certificate." Ex. 1 at 32 (PRU-BES 0034). Prudential instead relies on legal authorities that Prudential reads as saying that an ERISA statement is part of a Policy. This court does not read those cases as Prudential does.

The court instead finds guidance in <u>Gingras v. Prudential Insurance Company of America</u>, 2007 W.L. 1052500 (N.D. Ill. Apr. 4, 2007), a case holding that Prudential's ERISA statement was insufficient to support a court's review of action by Prudential for only abuse of discretion. The policy in <u>Gingras</u> was nearly identical to the one at issue here. The ERISA statement in <u>Gingras</u> stated, "The decisions of the Claims Administrator shall not be overturned unless arbitrary and capricious." <u>Id.</u> at *5. The policy did not incorporate the ERISA statement into it. That ERISA statement was expressly "not part of the Group Insurance Certificate" that was incorporated into the policy. <u>Id.</u> at *6. Under those circumstances, the district court determined that the ERISA statement in <u>Gingras</u> was not a plan document and did not give rise to the court's application of an abuse of discretion standard. <u>Id.</u>

At the hearing on the present motion, Prudential sought to distinguish <u>Gingras</u> as relying on Seventh Circuit law that differs from Ninth Circuit law. Prudential argued that <u>Gingras</u> grew out of <u>Schwartz v. Prudential Insurance Company of America</u>, 450 F.3d 697 (7th Cir. 2006), which held that an insurer's discretion set forth in only a summary plan description did not give rise to judicial review of a denial of benefits under an abuse of discretion standard. <u>Schwartz</u> held that the language of the policy itself, which did not give the insurer discretion,

6

controlled, rather than the summary plan description.  Prudential reads too much into the citation in Gingras to Schwartz.  Gingras cited Schwartz for the proposition that "Only plan documents can be used to confer discretionary authority on an insurer." Gingras, 2007 WL 1052500 at *6.  It does not matter whether the Ninth Circuit considers language in a summary plan description sufficient to convey discretion, see Gertjejansen v. Kemper Ins. Co., 274 Fed. Appx. 569 (9th Cir. 2008), as Prudential has not established that the ERISA statement in this case is a summary plan description or a plan document at all.

Prudential's citation to Fulayter v. Prudential Insurance Company of America, 2007 W.L. 433580 (D. Ariz. Feb. 6, 2007), is unavailing.  Fulayter involved an ERISA statement that, like the ERISA statement before this court, was attached to a group insurance certificate and that indicated that Prudential, as the claims administrator, had the sole discretion to interpret the terms of the group contract.  Id. at *3.  The ERISA statement in Fulayter provided that any decision by the claims administrator was not to be overturned unless it was arbitrary and capricious.  Id.  That is the only information about the ERISA statement provided in the Fulayter decision.  The decision does not discuss whether any language in any document indicated that the ERISA statement was or was not part of the group insurance certificate.  Id.  Nor does the decision discuss what

7

documents were incorporated into the group policy. Id. Instead, the decision applies the abuse of discretion standard based on the plaintiff's concession that the standard applied. Id. at *10. Even if the plaintiff's concession could be ignored, Prudential does not show that Fulayter involved an identical ERISA statement. Having failed to do that even though it was a party in Fulayter, Prudential is unpersuasive in arguing that Fulayter held that plan documents like those before this case provided Prudential with discretion.

Nor is Prudential's citation of Rutherford v. Scene 7 Inc. Long Term Disability Plan, 2008 W.L. 2788191 (N.D. Cal. July 18. 2008), persuasive. Rutherford involved a Prudential ERISA statement that, like the one in the present case, noted that it was not part of the group insurance certificate. Because the ERISA statement reserved discretion to the plan administrator, the Rutherford decision noted, "Facially, abuse of discretion appears to be the appropriate standard." Id. at *3. Prudential reads that statement as indicating that the judge thought an abuse of discretion standard applied. This court questions Prudential's reading. The statement was clearly dicta. The Rutherford court applied a de novo standard because the parties, including Prudential, stipulated to the application of the de novo standard. Id. The quoted sentence may have been no more than a recognition that there was language that, on its face,

appeared to provide discretion.  Such a recognition is not the same as a conclusion that the language had to be given effect.

At the hearing on the present motion, Prudential explained that it sometimes stipulates to de novo review to avoid messy discovery, not because it believes plan documents provide for de novo review.  Why Prudential stipulated to de novo review in Rutherford is not at all clear from the record before this court.  Certainly Rutherford, which applied a de novo standard, does not even discuss the issue of whether the ERISA statement in issue was a plan document.  Inclusion of the ERISA statement among the plan documents is not, in this court's view, implicit in dicta about what appears facially in an ERISA statement.

The remaining cases cited by Prudential in its Opposition stand for the proposition that, because ERISA requires plan fiduciaries to act solely "in accordance with the documents and instruments governing the plan," 29 U.S.C. § 1104(a)(1)(D), a summary plan description ("SPD") may be a plan document considered by a court in interpreting an ERISA plan.  See, e.g., Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc., 293 F.3d 1139, 1143 (9th Cir. 2002).  An SPD is a "summary" of the master plan document designed to be understood by the average person.  See 29 U.S.C. § 1022.  The SPD is the "statutorily established means of informing participants of the terms of the plan and its benefits."  Pisciotta v. Teledyne Indus., Inc., 91

9

F.3d 1326, 1329 (9th Cir. 1996). Although the ERISA statement in this case certainly contains some of the information required of an SPD, it lacks most of the required information. At the hearing, Prudential conceded that the ERISA statement attached as Exhibit 1, is not, by itself, an SPD.

  The Ninth Circuit has indicated that discretion may properly be reserved in an SPD. See, e.g., Gertjejansen v. Kemper Ins. Co., 274 Fed. Appx. 569 (9th Cir. 2008). However, Prudential has not met its burden of demonstrating that the ERISA statement in this case is part of an SPD.[1] Prudential's Opposition assumes that the ERISA statement in this case was part of an SPD, but does not establish that fact. At the hearing, Prudential argued that the SPD consisted of the group insurance

---

[1] The court is not persuaded by Besser's reliance on Bergt for the proposition that, even if the court assumes the ERISA statement is part of an SPD, de novo review must apply because the SPD is in conflict with the Policy. In Bergt, the Ninth Circuit was faced with a situation in which a person was eligible to participate under a plan's master document, but ineligible under the applicable SPD. The Ninth Circuit ruled that, because the drafter had created uncertainty, the burden of that uncertainty fell on the drafter, rather than on the individual. Bergt, 293 F.3d at 1145. The Ninth Circuit thus provided a strong incentive for employers to write SPDs that are consistent with the master plan documents. Id. The Ninth Circuit reasoned that the document most favorable to the employee should govern. Because the master document in Bergt was more favorable to the employee than the SPD, the master document controlled. Id. Here, the Policy is silent on the matter in issue. The ERISA statement is not in direct conflict with the Policy in reserving discretion to Prudential. This conclusion is supported by Gertjejansen, in which the Ninth Circuit determined that language in an SPD was sufficient to reserve discretion.

certificate, Exhibit 3, and the ERISA statement expressly stating that it was not part of the group insurance certificate, Exhibit 1.  It may be that Prudential intended the combination of the group insurance certificate and the ERISA statement to be an SPD, but Prudential has not demonstrated that it had that intent at the time it issued the ERISA statement.  Prudential does not even claim to have notified participants that the combination was the SPD.

Prudential has submitted a letter dated September 29, 2008, regarding whether an SPD may consist of multiple documents.  Even if this court ignores the prohibition in Local Rule 7.4 against filing such documents without leave of court, the court is unpersuaded by the letter.  For example, in arguing that an SPD may consist of multiple documents, Prudential quotes 29 C.F.R. § 2520-104b-3.  But that regulation does not speak to the issue of how many documents may constitute an SPD.  That regulation instead says that an SPD "shall be accompanied by all summaries of material modifications or changes in information required to be included in the summary plan description which have not been incorporated into that summary plan description."  In short, the accompanying summaries are not themselves part of the SPD.  Nor is the court persuaded by Prudential's citation to <u>Anderson v. Premera Blue Cross Blue Shield of Alaska</u>, 2005 WL 1220940, *1 (D. Alaska 2005).  That case reviewed an SPD that

consisted of a lengthy booklet and a multi-page "ERISA Summary Description." By contrast, this case involves an "ERISA statement" that expressly separates itself from a plan document. Whether an SPD may be a combination of documents so lengthy as to seem inconsistent with the concept of a summary turns out, in this case, to be a matter this court need not decide. Prudential fails to demonstrate on the present record that the ERISA statement is indeed part of an SPD, so whether the ERISA statement could be one of several documents in an SPD is a matter left for another case.

Prudential's citation to Jackson v. Prudential Insurance Company of America, 2007 WL 604926 (W.D. Ark. Feb. 27, 2007), is also unavailing. Although Jackson applied an abuse of discretion standard, there was no dispute that the plan documents in that case provided Prudential with "sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." Id. at *1. Jackson did not say that an identical ERISA statement was the source of that undisputed discretion.

Ultimately, this court looks to whether Prudential has met its burden of demonstrating that the ERISA statement in this case is a plan document. As Prudential does not meet that burden, de novo review applies here. ERISA seeks to protect employee rights based on employment benefit plans. See 29 U.S.C.

§ 1001. In the absence of the required showing by Prudential, this court concludes that de novo review is consistent with that congressional intent.

In light of this conclusion, the court need not reach Besser's other arguments in favor of applying de novo review.

    B.    Besser's Request for Sanctions is Denied.

In her Reply, Besser seeks sanctions pursuant to 29 U.S.C. § 1132(c)(1), which allows the court, in its discretion, to assess daily penalties against an administrator who refuses to comply with a request for information under 29 U.S.C. § 1024(b)(4). This court denies the request for sanctions on the grounds that Besser (1) has not established that Prudential's conduct is sanctionable and (2) did not file a motion seeking sanctions that gave Prudential an opportunity to respond.

The record does not presently establish that sanctions are warranted. To justify sanctions, Besser "must establish (1) that the administrator was required by ERISA to make available to the participant the information the participant requested, and (2) that the participant requested and the administrator failed or refused to provide the information requested before a court will consider imposing a statutory penalty." See Kleinhans v. Lisle Sav. Profit Sharing Trust, 810 F.2d 618, 622 (7th Cir. 1987) (citations omitted). Because Besser does not clearly describe her request for materials,

Prudential cannot now be sanctioned. See Williams v. Caterpillar, Inc., 944 F.2d 658, 667 (9th Cir. 1991) (noting that, when a participant "fails to make a specific request for the information at issue, he has no litigable claim under § 1132(c)"); Brooks v. Metrica, Inc., 1 F. Supp. 2d 559, 567 (E.D. Va. 1998) (written request for documents under 29 U.S.C. § 1024(b)(4) implicates penalty provision of 29 U.S.C. § 1132(c)(1) only if request gives administrator clear notice of exactly what information is sought).

Moreover, a sanction request in a reply memorandum leaves an opposing party with no chance to explain its conduct or position in a responsive memorandum. This court therefore declines to sanction Prudential. Besser may seek leave from the magistrate judge to file a sanctions motion even though the motions cutoff has passed. This court expresses no position on whether leave should or should not be granted.

IV.     CONCLUSION.

Because Prudential has failed to meet its burden of demonstrating that the plan documents give it discretion to interpret the Policy, this court concludes that a de novo standard applies to judicial review of Prudential's denial of long-term disability benefits to Besser.

The court declines to sanction Prudential as requested by Besser in her Reply.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 30, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Besser v. Prudential Ins. Co. of Am., Civil No. 07-00437 SOM/BMK; Order Granting Plaintiff's Request for De Novo Review.