IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUMIKO BESSER, | ) | Civ. No. 07-00437 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | ATTORNEYS' FEES, RELATED |
| PRUDENTIAL INSURANCE | ) | NON-TAXABLE EXPENSES, AND |
| COMPANY OF AMERICA, | ) | PRE-JUDGMENT INTEREST |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, RELATED
NON-TAXABLE EXPENSES, AND PRE-JUDGMENT INTEREST

Before the Court is Plaintiff Sumiko Besser's Motion For Attorneys'

Fees, Related Non-Taxable Expenses, and Pre-Judgment Interest. Besser seeks

$473,316.25[1] in attorneys' fees, $25,839.82 in related non-taxable expenses, and

$58,657.52 in pre-judgment interest. Defendant Prudential Insurance Company of

America opposes Besser's Motion. After careful consideration of the Motion, as

well as the supporting and opposing memoranda, the Court GRANTS IN PART

and DENIES IN PART Besser's Motion.[2]  Besser is awarded $346,956.75 in

---

[1] Besser requests $463,358.75 in fees in the Motion, as well as $9,957.50 in her Reply memorandum.

[2] Pursuant to Local Rule 7.2(d), the Court elects to decide this Motion without a hearing.

attorneys' fees, $25,839.82 in costs and expenses, and $58,657.52 in pre-judgment interest.

## PROCEDURAL BACKGROUND

In this action under the Employment Retirement Income Security Act ("ERISA"), Besser sought to recover from Prudential long-term disability ("LTD") benefits it had previously denied under the terms of an employee welfare benefit plan. Following a bench trial, this Court concluded that Besser was disabled at the time she stopped working, for the next 180 days, and for the following twenty-four months. After trial, the parties stipulated that the amount of LTD benefits owed to Besser for those twenty-four months is $385,247.45. (Doc. 109.) The Court remanded to Prudential the issue of whether Besser was disabled, and therefore entitled to benefits, beyond the twenty-four month period.

## STANDARD OF REVIEW

"ERISA provides that 'the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.'" Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (citing 29 U.S.C. § 1132(g)(1)). ERISA "should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his

plan, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"   Id.

Additionally, a "district court may award pre-judgment interest on past-due benefits in ERISA cases."   Caplan v. CNA Fin. Corp., 573 F. Supp. 2d 1244, 1252 (N.D. Cal. 2008).   "The decision as to whether to award such interest is 'a question of fairness, lying within the court's sound discretion.'"   Id.

DISCUSSION

I.      ATTORNEYS' FEES

A.      Whether Besser is Entitled to Attorneys' Fees

ERISA "is remedial legislation which should be liberally construed in favor of protecting participants in employee benefits plans."   Smith, 746 F.2d at 590.   "[A] district court considering a motion for attorney's fees under ERISA should apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts."   Id.   "ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."   Id.

Section 1132(g)(1) of ERISA, which authorizes the court to award attorney's fees, "should be read broadly to mean that a plan participant or

3

beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recovery an attorney's fee unless special circumstances would render such an award unjust." Id.  In determining whether special circumstances warrant the denial of fees, a court may consider the following Hummell factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Caplan, 573 F. Supp. 2d at 1248 (citing Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980)).  "No one of the Hummel factors, however, is necessarily decisive, and some may not be pertinent in a given case."  Smith, 746 F.2d at 590.

Upon consideration of the Hummell factors in this case, the Court finds no special circumstances to warrant a denial of Besser's attorneys' fees.  The first factor weighs in Besser's favor, as Prudential is "'culpable' in that [it was] found to owe Plaintiff a legal duty that [it was] not fulfilling."  See Caplan, 573 F. Supp. 2d at 1248.  Prudential concedes the second factor also weighs in Besser's favor because "Prudential can satisfy an award of attorneys' fees in the amount

4

requested by Besser."  (Opp. at 6.)  See Smith, 746 F.2d at 590 ("Based on this

factor alone, absent special circumstances, a prevailing ERISA employee plaintiff

should ordinarily receive attorney's fees from the defendant.").  The third and

fourth factors – whether an award of fees would deter others from similarly acting

and whether Besser sought to benefit all plan beneficiaries – weighs in Besser's

favor.  Indeed, "an award of attorneys' fees could serve to deter other plan

administrators from denying meritorious disability claims[, which] could indirectly

benefit other individuals."  Caplan, 573 F. Supp. 2d at 1248; see also Smith, 746

F.2d at 590 ("An award of reasonable attorneys' fees would deter trustees from

opposing employee participant claims if the amount of the claim and the

reasonableness of the employee's claim are such that the plaintiff's chances of

success are great.").  Lastly, the relative merits of the parties' positions clearly

weigh in Besser's favor, as she prevailed on her claim for LTD benefits for the

twenty-four month period.  Accordingly, in light of the remedial purposes of

ERISA and after weighing the Hummel factors, the Court concludes that Besser is

entitled to recover her attorneys' fees.

B.     Amount of Recoverable Fees

In determining the amount of attorneys' fees to award under

§ 1132(g), the court must "determine a 'lodestar' amount by multiplying the

5

number of hours reasonably expended on the litigation by a reasonable hourly

rate." Kowalski v. Farella, Braun & Martel, LLP, 2009 WL 2761321, at *1 (N.D.

Cal. Aug. 27, 2009).  The court may increase or decrease the lodestar amount, but

"upward or downward adjustments are the exception rather than the rule since the

lodestar amount is presumed to constitute a reasonable fee." Id.

> 1.     Reasonable Hourly Rates

"Determining a reasonable hourly rate is a critical inquiry." Caplan,

573 F. Supp. 2d at 1249.  "In establishing the reasonable hourly rate, the court may

take into account:  (1) the novelty and complexity of the issues; (2) the special skill

and experience of counsel; (3) the quality of representation; and (4) the results

obtained." Id.  "The reasonable rate inquiry should also be informed by reference

to the prevailing market rates in the forum district." Id.  "Affidavits of the

plaintiffs' attorney and other attorneys regarding prevailing fees in the community,

and rate determinations in other cases, particularly those setting a rate for the

plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United

Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

Besser seeks to recover fees for each attorney at the following rates:

(1) Gregory Dell (managing partner and lead counsel) = $475.00 per hour;

(2) Leonard Feuer (eight-year associate and co-counsel) = $375.00 per hour;

(3) Danielle Rosen (ten-year associate and prior co-counsel) = $350.00 per hour; and (4) Robert Kerr (two-year associate) = $275 per hour. Dell has been lead counsel in more than fifty jury trials, litigated hundreds of claims against insurance companies, counseled more than 1,000 claimants with their LTD insurance claims, and is an author of a treatise on LTD claims. (Ex. A.) Feurer is a 2001 law school graduate, participated in more than fifty jury trials, argued hundreds of motions, and co-authors the treatise on LTD claims with Dell. (Id.) Rosen is a 1998 law school graduate and worked at Dell & Schaefer from September 2004 to January 2008. (Id.) Kerr is a 2007 law school graduate, who has handled more than 30 ERISA appeals and more than 200 LTD claims. (Id.) In support of her attorneys' rates, Besser submits attorney affidavits and rate determinations in ERISA cases decided in California. Besser also asserts that, because Hawaii counsel was unwilling to represent her, rates outside of this district may be used. (Motion at 7; Ex. G.)

Prudential opposes the hourly rates of Besser's counsel, arguing they are "patently unreasonable." (Opp. at 9.) "Prudential requests that, should this Court find that Besser is entitled to reasonable attorneys' fees under ERISA, it be charged the rates consistent with what it paid its own attorneys in this matter –

$350.00 and $285.00 for work performed by the partner and associate respectively." (Opp. at 10-11.)

The Court agrees with Prudential that the hourly rates are excessive. Although Besser's attorneys were excellent and obtained a result in her favor, the hourly rates are unreasonable for this forum district. In support of Dell's assertion that his colleagues have been awarded legal fees at rates between $400 and $575 per hour, he cites to ERISA cases heard in California. However, the prevailing market rate for attorneys in Hawaii is below the rates to which Dell cites.

Furthermore, "rates, other than those of the forum, may be employed if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Hawaiian Airlines, Inc. v. Mesa Air Group, Inc., 2008 WL 185649, at *4 (Bankr. D. Haw. 2008). Although Besser attaches to her Motion a letter by a local attorney stating that his firm "passed [on the case because] the degree of difficulty seemed too high," the Court declines to deviate from the "forum rule." (Ex. G.) The Court also rejects Besser's contention that her counsel's rates should be increased because of the results obtained in this case. Accordingly, the Court concludes that the fees awarded to Besser's counsel shall be at the same rate charged by defense counsel in this case – $350 for partners and

8

$285 for associates, except for fees incurred by Robert Kerr who has an hourly rate of $275.

        2.      Number of Hours Reasonably Expended on the Litigation

Besser bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007). The Court may exclude from the fee request any hours that are "excessive, redundant, or otherwise unnecessary." Id. "[T]he amount of a fee award should reflect the plaintiff's overall level of success." Caplan, 573 F. Supp. 2d at 1250. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

Besser seeks to recover attorneys' fees for 1,094.55[3] hours spent on this case. Prudential argues that it should not be required to reimburse Besser for hours spent pursuing and conducting certain depositions, preparing a motion to strike affirmative defenses that was never filed, and opposing a motion in limine, or for excessive hours spent preparing this motion for fees. Prudential also asserts that Besser's fee amount should be reduced due to quarter-hour billing and administrative work.

---

[3] In addition to the 1,070.85 hours discussed in the Motion, Besser's Reply memorandum seeks to be compensated for 23.7 additional hours.

Prudential first argues that all hours spent pursuing and conducting depositions of its employees were unnecessary.  (Opp. at 14-15.)  According to Prudential, Besser took the depositions for the purpose of arguing that the standard of review on appeal is de novo instead of arbitrary and capricious.  Because the depositions "did not form the primary argument that Besser used to argue for" the de novo standard of review, Prudential contends that "there was no need to conduct this wasteful discovery."  (Id. at 14.)  Besser claims that the depositions were necessary to determine whether a conflict of interest existed, which could have affected the standard of review on appeal to this Court.  (Reply at 10.)  The Court agrees with Besser.

The Ninth Circuit has held that "the precise standard [of review] in cases where the plan administrator is also burdened by a conflict of interest is only discernable by carefully considering the conflict of interest, including evidence outside of the administrative record that bears upon it."  Nolan v. Heald College, 551 F.3d 1148, 1153-54 (9th Cir. 2009).  Indeed, "consideration of the conflict can 'affect judicial review,' and a court is required to consider the conflict whenever it exists."  Id. at 1153.  Because courts may consider outside evidence in deciding whether a conflict exists, "[s]ome discovery regarding whether a conflict of interest existed is therefore appropriate if the plaintiff plans to raise the issue of conflict."

10

Gullidge v. Hartford Life & Acc. Ins. Co., 501 F. Supp. 2d 1280, 1283 (C.D. Cal.

2007).  Here, Besser did raise the issue of conflict in her Motion For De Novo

Standard of Review, where she argued that "Prudential has an inherent conflict of

interest as they are the Hilton Hotel Plan administrator with the sole discretion to

determine eligibility for benefits."  (Doc. 50.)  In support of this argument, Besser

cited to documents and testimony obtained during discovery.  Given that the

discovery was aimed at supporting her successful motion for de novo review, the

Court concludes that the time spent seeking and conducting related discovery was

reasonably expended and is compensable.

Prudential next contends that 7.8 hours of researching in preparation

for a motion to strike affirmative defenses that was never filed should be denied as

unnecessary.  (Opp. at 15.)  Although no such motion was filed in this case, the

time spent researching the issue was reasonable and necessary to determine

whether the motion to strike should have been filed.  The Court agrees with Besser

that she is entitled to the reasonable fees incurred by Danielle Rosen while doing

this research.

Prudential also asks the Court to deny fees incurred for the time

Besser's counsel spent opposing its Motion to Exclude Trial Testimony By

Plaintiff's Medical Expert, which the Court granted.  (Docs. 78, 86.)  Prudential

asserts that, in light of "ERISA's general presumption against calling live witnesses," Besser's attempt to have live testimony during the trial was unnecessary. (Opp. at 15-16.) However, Besser sought live testimony for "the discrete purpose of clarifying the complex medical questions which are abound in the administrative record, as necessary for the court's independent and thorough" review. (Doc. 80 at 5.) Indeed, the administrative record in this case was voluminous and disorganized, and having a physician clarify the record would have been helpful. Although the Court ultimately denied Besser's request for live testimony, Besser cited to cases that supported her position. (<u>Id.</u> at 7-9.) The Court concludes that the time spent defending her position on this issue is compensable.

Prudential also challenges the hours documented by Leonard Feuer, arguing that he improperly billed in quarter-hour increments. (Opp. at 18-20.) According to Besser, however, Feuer's submission of hours "clearly and honestly depict[s] the amount of time devoted to the enumerated subjects." (Reply at 8.) Most of Feuer's billable hours were spent conducting legal research, reviewing the administrative record, and drafting documents. (Ex. B.) Feuer also bills for two telephone conferences, which lasted 0.50 hours and 0.75 hours, respectively. (<u>Id.</u> at 4.) Because each of those telephone conferences was conducted with this Court,

they could be reviewed for accuracy by turning to the docket sheet, which notes the duration of each conference.  The first telephone conference – billed at 0.50 hours – lasted 24 minutes (0.4 hours).  (Doc. 34.).  The second telephone conference – billed at 0.75 hours – lasted 46 minutes (0.76 hours).  (Doc. 45.)  The Court also confirmed that Feuer's hours billed for being present at trial are consistent with time noted on the docket sheet.  Therefore, given the confirmation that the telephone conferences and time spent at trial were not inflated by Feuer's billing invoice, the Court is satisfied that his billable hours are accurate and not excessive. The Court therefore declines to reduce Feuer's hours on this ground.  United Steelworkers of Am., 512 F.3d at 565 (noting that attorneys "need only keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed").

Prudential also requests this Court deny Robert Kerr's fees for work that was "administrative in nature."  (Opp. at 20.)  Specifically, Prudential argues that Kerr's time spent finalizing tables of authorities and tables of contents could have been completed by non-attorneys and should not be billed against Prudential. Prudential cites to Mogck v. Unum Life Ins. Co. of Am., 289 F. Supp. 2d 1181, 1193 (S.D. Cal. 2003), wherein the plaintiff's counsel spent over 49 hours

13

preparing a chronology and selecting pertinent facts and information.  The <u>Mogck</u>

court awarded those hours at the paralegal rate rather than the attorney rate.

However, in <u>Gullidge</u>, 501 F. Supp. 2d at 1283, where the plaintiff's counsel spent

3.8 hours preparing a case chronology and "declarations and exhibits in support of

a discovery motion," the court allowed recovery for those "clerical tasks" because

the time spent on them was not unreasonable and because it was not "<u>per se</u>

necessary for a paralegal or other non-attorney to have performed the tasks."

Similarly, here, Kerr spent 10.4 hours drafting and finalizing tables of authorities

and tables of citations for various motions.  The Court concludes that the minimal

time spent on these tasks is reasonable and compensable.

Prudential also challenges the time Besser's counsel billed for

preparing this Motion.  (Opp. at 21-22.)  Besser seeks to be compensated for 66.7

hours for preparing this Motion and the Reply memorandum.  Specifically,

Gregory Dell spent 18.5 hours working on this Motion and 10.7 hours on the Reply

memo.  (Ex. A attached to Motion; Ex. B attached to Reply.)  Leonard Feuer spent

24.5 hours on this Motion and 13 hours on the Reply.  (Ex. B attached to Motion;

Ex. C attached to Reply.)  The Court finds that this is an excessive amount of time

spent preparing these documents, and that spending approximately 40 hours on

these documents would be reasonable.  Therefore, the Court reduces Dell's and

14

Feuer's hours proportionateley and awards fees for 17.6 hours Dell worked on

these documents and for 22.4 hours Feuer worked on them.[4]  See Kowalski, 2009

WL 2761321, at *3 ("the time expended in preparing a motion for fees in ERISA

cases should be compensated").

   In sum, the Court reduces the hourly rates to $350 for partners (Dell)

and $285 for associates (Feuer and Rosen), except for Kerr who bills at $275 per

hour.  The Court also reduces the hours spent on this Motion and Reply

memorandum by denying fees for 11.6 hours incurred by Dell and 15.1 hours

incurred by Feuer.  The Court finds the remainder of Besser's attorneys' fees to be

reasonable and compensable.  Accordingly, Besser is awarded reasonable

attorneys' fees in the amount of $346,956.75:

| | | |
|---|---|---|
| Dell | $350 x (659.4+10.7[5]-11.6[6] = 658.5) hours | = $230,475.00 |
| Feuer | $285 x (300.35+13[7]-15.1[8] = 298.25) hours | = $85,001.25 |
| Rosen | $285 x 92.8 hours | = $26,448.00 |
| Kerr | $275 x 18.3 hours | = $5,032.50 |
| | | = $346,956.75. |

---

[4] Stated differently, the Court reduces the hours spent on this Motion and the Reply as follows:  Dell's time is reduced by 11.6 hours and Feuer's time is reduced by 15.1 hours.

[5] For time Dell spent on the Reply memorandum.  (Ex. B attached to Reply.)

[6] For hours not awarded for time spent on this Motion and the Reply memorandum.

[7] For time Feuer spent on the Reply memorandum.  (Ex. C attached to Reply.)

[8] For hours not awarded for time spent on this Motion and the Reply memorandum.

II.        COSTS

Besser seeks an award of costs and expenses pursuant to 28 U.S.C.

§ 1920, which provides for the taxation of various costs.  (Motion at 24.)

"[L]itigation expenses are recoverable as part of 'attorney's fees' under

§ 1132(g)(2)(D), as long as 'separate billing for such expenses is the prevailing

practice in the local community.'"  Mitchell v. Metro. Life Ins. Co., 2008 WL

1749473, at *5 (C.D. Cal. 2008) (citing Trs. of the Constr. Indus. & Laborers

Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258-59 (9th Cir.

2006)).  The Ninth Circuit also "endorse[s] awarding expenses as part of attorney's

fees even if not the kind of expenses normally covered by 28 U.S.C. § 1920."  Id.

Besser requests an award for her costs and expenses in the amount of

$25,839.82.  (Motion at 24; Ex. F.)  The costs and expenses are reasonable, and

Prudential does not oppose the request.  The Court therefore awards Besser

$25,839.82 in costs and expenses.

III.        PRE-JUDGMENT INTEREST

Besser seeks to recover $58,657.52 in prejudgment interest.  (Motion

at 22-24.)  In calculating the amount of interest owed to her, Besser retained a

Certified Public Accountant to render an opinion on the amount owed.  (Motion at

23; Ex. E.)  Prudential does not challenge the amount of interest, but argues that

16

Besser is not entitled to interest at all because Prudential did not act in bad faith and because "an interest award will deplete the plan funds."  (Opp. at 23-24.)

"Whether to award prejudgment interest to an ERISA plaintiff is 'a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities."  Landwehr v. DuPree, 72 F.3d 726, 739 (9th Cir. 2995). Among the factors to be considered in determining whether prejudgment interest should be awarded is the presence or absence of 'bad faith or ill will.'"  Id. However, courts have awarded prejudgment interest where bad faith is absent, so long as the defendant would not "suffer any financial hardship by paying prejudgment interest."  See, e.g., Prado v. Domecq, 2008 WL 191985, at *9 (N.D. Cal. Jan. 22, 2008).

In this case, although the Court has not found that Prudential acted in bad faith, there is also no evidence that Prudential would suffer any financial hardship by paying prejudgment interest.  See id.  Additionally, Besser "has been deprived of the value of benefits to which [she] was entitled" for several years. See Toven v. Metro. Life Ins. Co., 2008 WL 5101727, at *14 (C.D. Cal. Dec. 2, 2008).  As such, Prudential (and not Besser) has derived benefit from those funds (including interest), and Besser has been forced to bring the present action to recover funds to which she was entitled.  See id.  Given that "prejudgment interest

is an element of plaintiff's complete compensation" and absent any "indication that

an award of prejudgment interest would unduly burden" Prudential, the Court

concludes that such an award is appropriate.  See id.  Accordingly, Besser's request

for prejudgment interest is granted.

CONCLUSION

In light of the foregoing, the Court GRANTS IN PART and DENIES

IN PART Besser's Motion For Attorneys' Fees, Related Non-Taxable Expenses,

and Pre-Judgment Interest.  The Court awards Besser $346,956.75 in attorneys'

fees, $25,839.82 in costs and expenses, and $58,657.52 in pre-judgment interest.

Besser is also owed $385,247.45 in past-due LTD benefits.  (Doc. 109.)

DATED:  Honolulu, Hawaii, December 22, 2009.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Sumiko Besser v. Prudential Insurance Company of America, CV. 07-00437 BMK; ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES, RELATED NON-TAXABLE EXPENSES, AND PRE-JUDGMENT
INTEREST.