IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUMIKO BESSER, | ) | Civ. No. 07-00437 BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR:  (1) LEAVE OF |
| vs. | ) | COURT TO SUBMIT MOTION |
| | ) | FOR SUMMARY JUDGMENT ON |
| PRUDENTIAL INSURANCE | ) | ISSUE OF DISABILITY DURING |
| COMPANY OF AMERICA, | ) | ANY OCCUPATION PERIOD; |
| | ) | AND (2) ENTRY OF SEPARATE |
| Defendant. | ) | JUDGMENT ON BENEFITS FOR |
| | ) | 2-YEAR PERIOD |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR:  (1) LEAVE OF COURT TO
SUBMIT MOTION FOR SUMMARY JUDGMENT ON ISSUE OF DISABILITY
DURING ANY OCCUPATION PERIOD; AND (2) ENTRY OF SEPARATE
<u>JUDGMENT ON BENEFITS FOR 2-YEAR PERIOD</u>

Before the Court is Plaintiff Sumiko Besser's Motion For:  (1) Leave of Court to Submit Motion for Summary Judgment on Issue of Disability During Any Occupation Period; and (2) Entry of Separate Judgment on Benefits for 2-year Period.  Besser argues that, because Defendant Prudential Insurance Company of America has not timely decided her remanded claim for disability benefits for the "any gainful occupation" period, Besser is deemed to have exhausted her administrative remedies.  After careful consideration of the Motion, as well as the supporting and opposing memoranda, the Court DENIES Besser's Motion.[1]

---

[1] Pursuant to Local Rule 7.2(d), the Court elects to decide this Motion without a hearing.

RELEVANT BACKGROUND

On July 13, 2009, this Court entered its Findings of Fact and Conclusions of Law and ruled, inter alia, that "the issue of whether Besser is entitled to benefits beyond the twenty-four month period" be remanded to Prudential because "Prudential did not address that issue in the first instance and because the record does not adequately address her medical condition since then or information on any 'gainful occupation' for which she is reasonably fitted by education, training or experience." (Doc. 107 at 2, 24-25.)

Although Prudential believed that the remand order was not effective until final judgment is entered, on August 18, 2009, Prudential sent a letter to Besser's counsel, requesting that Besser complete and return three forms "so that it could get an early start on gathering the documents that will be needed to evaluate Ms. Besser's claim . . . once this Court issues its final Judgment." (Hannan Decl'n ¶ 3.) Besser's counsel completed and submitted two of the forms, but did not submit Prudential's HIPAA-compliant medical authorization form. (Id. ¶¶ 4-5.) Rather, Besser's counsel provided to Prudential a blank copy of an alternative authorization form and requested that it inform him of each physician from whom Prudential wanted medical records. (Id. ¶ 4.) Prudential responded by again asking that Besser complete its medical authorization form and noted "that if she

2

would like to limit this authorization, she could indicate any such limitations in the space provided at the bottom of the authorization." (Id. ¶ 5.) Besser's counsel again refused to complete Prudential's authorization form. (Ex. E attached to Reply.)

On August 26, 2009, at the request of the parties, this Court held a telephonic status conference. (Doc. 111.) Counsel for both parties asked the Court to refrain from entering final judgment until the issues on the amount of past-due benefits, attorneys' fees, and costs are resolved. (See Calvert Decl'n ¶ 2.) For that reason, this Court has not yet entered final judgment.[2] At that conference, the Court also "decline[d] to set a deadline by which Defendant shall provide a determination as to the 'gainful occupation' period" on remand. (Doc. 111.)

## DISCUSSION

Besser contends that Prudential has not issued a timely decision on the remanded claim for disability benefits and that she is therefore deemed to have exhausted her administrative remedies. (Motion at 5 (citing 29 C.F.R. § 2560.503-1(f)(3) & (l)).) Prudential responds that it has been "unable to make a

---

[2] The Court notes that Besser changed her position on entry of final judgment in her Motion for Attorneys' Fees, Related Non-Taxable Expenses, and Pre-Judgment Interest when she asked the Court to "enter a judgment for the past due benefits . . . and then enter a subsequent [o]rder" on fees, expenses, and pre-judgment interest. (Doc. 112.)

decision regarding her further entitlement to disability benefits" because Besser has not authorized the release of her medical records for review. (Opp. at 5-6.)

Plaintiffs seeking a determination of their rights under an ERISA plan are required to exhaust administrative remedies prior to initiating litigation. Jordt v. Clerks & Lumbar Handlers Pension Fund, No. C 05-1409 SBA, 2006 WL 228953, at *5 (N.D. Cal. 2006) (citing Diaz v. United Agric. Employee Welfare Benefit Plan, 50 F.3d 1478, 1483 (9th Cir. 1995)). "This rule is an important one, as it ensures that the Court will have a complete administrative record on which to base its review." Id.; Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980) ("A primary reason for the exhaustion requirement . . . is that prior fully considered actions by pension plan trustees interpreting their plans and perhaps also further refining and defining the problem in given cases, may well assist the courts when they are called upon to resolve the controversies."). The Ninth Circuit has stated that, "as a matter of sound policy, [courts] should usually [enforce the exhaustion requirement in ERISA suits]." Amato, 618 F.2d at 568.

Besser cites to a Department of Labor regulation, which sets forth a 45-day deadline for plan administrators to notify a claimant of an adverse benefit determination. 29 C.F.R. § 2560.503-1(f)(3). The regulation states that, where a plan administrator fails to comply with its requirements, "a claimant shall be

deemed to have exhausted the administrative remedies available under the plan." Id. § 2560.503-1(l).  However, a claimant may not "attach a 'statutory [or regulatory] violation' sticker to his or her claim and then . . . use that label as an asserted justification for a total failure to pursue the congressionally mandated internal appeal procedures."  Diaz, 50 F.3d at 1483.

In this case, there has been no decision on remand because Prudential has not obtained Besser's relevant medical records.  (Opp. at 6.)  Simply put, each party is insisting that its own medical authorization form be used, but this minor disagreement is delaying the ultimate determination of Besser's claim.  Although the Court understands Besser's counsel's position that "[i]t would be malpractice for [him] to advise Besser to sign a general authorization that gives Prudential the right to unilaterally obtain any type of documentation they want," the Court urges the parties to work together toward the goal of providing Prudential with the relevant medical records it needs to make its determination.  Until those records are obtained, neither Prudential nor this Court could decide whether Besser is entitled to benefits beyond the twenty-four month period.  As such, even if this Court granted Besser leave to file a motion for summary judgment for that time period, the administrative record would be insufficient for this Court to rule on such a

motion. Therefore, the Court denies Besser's request for leave to file a summary judgment motion.

Besser also asks this Court to "enter judgment on the award of benefits for the 'regular occupation' period as soon as possible" and "that the order be made separate from any order for attorney's fees." (Motion at 9.) That request is moot because this Court will file the order on Besser's motion for fees, expenses, and pre-judgment interest and will also enter a separate final judgment at this time.

## CONCLUSION

In light of the foregoing and because this Court is simultaneously entering the order on fees, costs, and pre-judgment interest, the Court DENIES Besser's Motion For: (1) Leave of Court to Submit Motion for Summary Judgment on Issue of Disability During Any Occupation Period; and (2) Entry of Separate Judgment on Benefits for 2-year Period. The Clerk of Court is DIRECTED to enter final judgment in Besser's favor and against Prudential in the amount of $816,701.54 ($385,247.45 in past-due benefits, $346,956.75 in attorneys' fees, $25,839.82 in costs and expenses, and $58,657.52 in pre-judgment interest) and to close this case.

DATED:  Honolulu, Hawaii, December 22, 2009.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Sumiko Besser v. Prudential Insurance Company of America, CV. 07-00437 BMK; ORDER DENYING PLAINTIFF'S MOTION FOR:  (1) LEAVE OF COURT TO SUBMIT MOTION FOR SUMMARY JUDGMENT ON ISSUE OF DISABILITY DURING ANY OCCUPATION PERIOD; AND (2) ENTRY OF SEPARATE JUDGMENT ON BENEFITS FOR 2-YEAR PERIOD.